UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUNT CONSTRUCTION GROUP, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:08-cv-00895 (JR) |
| MONARCH INDUSTRIES, INC.<br>99 Main Street<br>Warren, Rhode Island  02885, | ) |
| Defendant. | ) |

## ANSWER AND COUNTERCLAIM OF MONARCH INDUSTRIES, INC.

Defendant, Monarch Industries, Inc. ("Monarch"), respectfully submits the following answer and counterclaim to the complaint of the Plaintiff, Hunt Construction Group, Inc. ("Hunt") as follows:

### INTRODUCTION

1.  Paragraph 1 does not set forth any assertions of fact and, therefore, no response is required.

2.  Admitted.

3.  Denied.

4.  Paragraph 4 does not set forth any assertions of fact and, therefore, no response is required.  To the extent paragraph 4 does include any assertions of fact, they are denied.

### PARTIES, JURISDICTION AND VENUE

5.  Monarch lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 5.  Monarch, therefore, denies the allegations in this paragraph.

6.  Admitted.

7. Admitted.

8. Admitted.

9. Monarch admits that it does business in the District of Columbia and the Project is located in the District of Columbia. Monarch denies the remaining allegations in this paragraph.

## BACKGROUND

10. Admitted.

11. Denied. Answering further, the express language of the subcontract agreement is the best evidence of its contents.

12. Denied.

## COUNT I – Breach of the Subcontract

13. (There is no paragraph 13 in the Complaint).

14. Monarch repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

## COUNT II – Declaratory Judgment – Breach of Subcontract

19. Monarch repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

20. Paragraph 20 does not contain assertions of fact to which any response is required.

21. Denied.

22. Monarch admits the allegations contained in the first sentence of this paragraph. Monarch denies the remaining allegations in this paragraph.

23. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Monarch pleads the affirmative defense of set-off and recoupment.

### SECOND AFFIRMATIVE DEFENSE

Monarch pleads the affirmative defense of accord and satisfaction.

### THIRD AFFIRMATIVE DEFENSE

Monarch pleads the affirmative defense of improper venue.

### FOURTH AFFIRMATIVE DEFENSE

Monarch pleads the affirmative defense of failure to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

Monarch pleads the affirmative defense of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Monarch pleads the affirmative defense of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Monarch pleads the affirmative defense of release.

### EIGHTH AFFIRMATIVE DEFENSE

Monarch pleads the affirmative defense of unclean hands.

WHEREFORE, Monarch hereby requests that Plaintiff's Complaint be dismissed with prejudice and that the Court award Monarch its attorney's fees, disbursements, and costs per the parties' contract.

**COUNTERCLAIM OF MONARCH INDUSTRIES, INC.**

1. Counter-Plaintiff, Monarch Industries, Inc. ("Monarch"), is a Rhode Island corporation engaged in the manufacturing and installation of millwork, with its principal place of business being located at 99 Main Street, Warren, Rhode Island.

2. Upon information and belief, Counter-Defendant, Hunt Construction Group, Inc. ("Hunt"), is an Indiana corporation, with its principal place of business in Scottsdale, Arizona.

3. This Court has subject matter over this counterclaim pursuant to 28 U.S.C. §§ 1332, 1367 and the amount in controversy between the parties exceeds $75,000.

4. This Court has personal jurisdiction over Hunt because it conducts business in the District of Columbia and this counterclaim arises in whole or in substantial part out of Hunt's activities in the District of Columbia.

5. Effective as of March 3, 2004, Monarch and Hunt entered into a subcontract agreement, by the terms of which Monarch agreed to provide certain labor and materials in connection with the construction of the Embassy Suites Hotel located at 1000 K Street, N.W. in the District of Columbia.

6. Monarch agreed to provide certain architectural interior woodwork, flush wood doors, door hardware, and certain wood flooring for the original contract sum of $1,376,812.

7. The project was delayed from the very beginning due to reasons beyond any control of Monarch and, on information and belief, for reasons attributable to Hunt's failure to properly manage the sequencing of work to be provided by trades other than Monarch.

8. The original schedule provided that, by the end of May 2005, Monarch would be complete with its installation and that the project would be complete and turned over to the owner by the end of July 2005.

9. There were extensive delays for which Hunt is responsible and, as a consequence, Monarch was unable to perform its work until the Fall of 2005.

10. On June 14, 2005, Monarch provided notice to Hunt that excessive humidity in the registration lobby would cause damage to wood panel products and until that issue was addressed, the paneling could not be shipped and installed.

11. In early July 2005, Monarch advised Hunt that Monarch was forced to stop production due to Hunt's failure to provide responses to Monarch's various requests for information and due to the lack of availability of field dimensions. This absence of information affected Monarch's ability to fabricate and install the registration desk, the sushi bar, the manager's reception and breakfast bar.

12. On September 16, 2005, Monarch sent another notice to Hunt's project manager, advising that millwork could not be completed due to missing information and necessary coordination. The millwork that was so delayed included the manager's reception backbar, Stair 5 panels, and the restaurant case openings and panels.

13. When the responses were finally received, Monarch timely completed fabrication of all millwork and delivered it to the job site on October 24, 2005.

14. On November 10, 2005, Hunt issued an extensive punchlist to all subcontractors, including Monarch. Another punchlist was provided on November 15, 2005. The punchlists revealed an extraordinary amount of work required to be completed by trades other than Monarch. Virtually nothing on either punchlist belonged to Monarch.

15. On December 6, 2005, Monarch wrote to Hunt, confirming that all punchlist items attributable to it had been completed, but noting damage to certain of its work caused by other

trades. Even as of that date, Monarch had been directed by Hunt field personnel not to complete installation of certain work.

16. By letter dated July 31, 2006, Monarch documented the costs that it had incurred by virtue of the delays and other impacts caused by Hunt.

17. On September 18, 2006, Hunt rejected Monarch's claim.

18. During the course of the work, the parties agreed to certain adjustments to the contract that resulted in an adjusted contract sum of $1,682,782, payable to Monarch.

19. Notwithstanding the fact that Monarch has completed its work and the work has been fully accepted and the hotel is operating, Monarch has only been paid the sum of $1,144,237.

20. During the course of the work, Monarch was also required to incur additional costs due to deficiencies in the plans and specifications, and changes that were required due to the as-built conditions where millwork was to be installed. Monarch's claims exceed $75,000 for unresolved change orders.

21. As a consequence of Hunt's delays, Monarch was forced to cease fabrication of millwork on several occasions and then later remobilize and perform work.

22. Monarch was forced to provide staffing on the project site for an extended period of time well beyond the anticipated completion date of the contract.

23. As a consequence of those delays, Monarch was damaged in an amount in excess of $400,000.

24. Monarch has repeatedly demanded that it be paid the contract balance, change orders, and delay damages, but Hunt has refused.

WHEREFORE, Monarch requests this Court enter judgment for Monarch and against Hunt for Hunt's breaches of contract and award Monarch its damages, attorney's fees, disbursements, costs, and interest.

Respectfully submitted,

____/s/_____  
Nick R. Hoogstraten  
D.C. Bar No. 413045  
Peckar & Abramson, P.C.  
Two Lafayette Centre, Suite 500  
1133 21st Street, N.W.  
Washington, D.C.  20036  
Tel: (202) 293-8815  
Fax: (202) 293-7994